**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6001**

STEPHON LEKEITH HOPKINS,

Plaintiff - Appellant,

v.

JACOB A. WALTERS, Officer; AUSTIN FOWLER, Officer,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Joseph Dawson, III, District Judge.  (6:21-cv-00553-JD)

Submitted:  May 22, 2025                              Decided:  July 10, 2025

Before GREGORY, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Bakari T. Sellers, Amy E. Willbanks, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Stephanie H. Burton, GIBBES BURTON, LLC, Spartanburg, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephon Lekeith Hopkins commenced two actions arising out of his 2019 arrest: a South Carolina Tort Claims Act ("SCTCA") action filed in state court, and the instant 42 U.S.C. § 1983 action filed in federal district court. The state case was tried to a jury, which returned a verdict in favor of the defense. As a result, the defendants in the federal action moved for summary judgment based on res judicata. The district court granted the motion, and Hopkins appeals.

On appeal, Hopkins asserts that res judicata does not apply where, as here, the prior action and the present action involve different claims and different remedies. Because South Carolina law does not require that the claims and remedies be identical, we reject Hopkins's argument and affirm the district court's judgment.

"We review a district court's grant of summary judgment de novo, construing all facts and reasonable inferences in favor of the nonmoving party." *Schulman v. Axis Surplus Ins. Co.*, 90 F.4th 236, 243 (4th Cir. 2024). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"In considering the preclusive effect of an earlier state court judgment on a new claim, we apply the preclusion law of the State in which judgment was rendered." *Bennett v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019) (internal quotation marks omitted). Under the law of South Carolina, which governs here, a litigant invoking res judicata must demonstrate that: "(1) the identities of the parties are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior

2

adjudication of the issue by a court of competent jurisdiction." *Catawba Indian Nation v. State*, 756 S.E.2d 900, 907 (S.C. 2014). Regarding the second element—the only one Hopkins contests—the Supreme Court of South Carolina has explained:

> Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. Under the doctrine of res judicata, a litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.

*Judy v. Judy*, 712 S.E.2d 408, 414 (S.C. 2011) (cleaned up).

The state action and the federal action both arose out of the same transaction or occurrence—namely, Hopkins's 2019 arrest. And Hopkins could have included the § 1983 claims in the state proceeding. *See Felder v. Casey*, 487 U.S. 131, 139 (1988) (explaining that state courts possess concurrent jurisdiction over § 1983 actions). For these reasons, we conclude that the state action and the federal action involved the same subject matter, such that the district court properly found the federal claims barred by res judicata.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3